UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARK A. DAY, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 5:21-cv-00242 |
| AFFILIATE ASSET SOLUTIONS, LLC, | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes MARK A. DAY, ("Plaintiff"), by and through his undersigned attorney, complaining as to the conduct of AFFILIATE ASSET SOLUTIONS, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the      and    the    Texas    Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

**PARTIES**

4.   Plaintiff is a natural person over 18-years-of age residing within the Western District of Texas.

5.   Defendant is third-party debt collection company organized under the laws of the state of Delaware with its principal office located at 145 Technology Pkwy, Suite 100, Peachtree Corners, Georgia 30092.  Defendant regularly collects or attempts to collect upon consumers located within the state of Texas.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party contractors, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7.   The instant action stems from Defendant's attempts to collect upon a medical debt ("subject debt") Plaintiff allegedly owed.

8.   Several months ago, Plaintiff began receiving calls to his cellular telephone number, (210) XXX-4881, from Defendant.

9.   At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular telephone number ending in -4881.  Plaintiff is and always has been financially responsible for the cellular telephone and its services.

10. Defendant has called Plaintiff using various phone numbers, including but not limited to (855) 820-5237 and (844) 319-7313.

11. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

12. Plaintiff, through his contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

13. Upon speaking to Defendant, Plaintiff explained that due to his financial hardships, he cannot afford to make a payment on the subject debt and requested that Defendant cease contacting him.

14. Defendant completely disregarded Plaintiff's explanation and continued to demand payment on the subject debt while belittling and mocking Plaintiff, despite the fact that Plaintiff does not have the financial means to satisfy the subject debt.

15. Defendant willfully ignored Plaintiff's demands and continued placing phone calls to Plaintiff's cellular phone.

16. Despite Plaintiff's efforts, Defendant has continued to regularly call his cellular phone up until the filing of this lawsuit.

17. Plaintiff has received numerous phone calls from Defendant since asking Defendant to stop calling on multiple occasions.

18. Frustrated over Defendant's conduct, Plaintiff spoke with his attorney regarding his rights, resulting in exhausting time and resources.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity,

diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though full set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the ACA, an association of debt collectors, since 2015.[1]

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of FDCPA §1692c(a)(1) and §1692d**

26. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Additionally, §1692d(2) forbids "[t]he use of obscene language or language the natural consequence of which is to abuse the hearer or reader." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone

---

[1] http://www.acainternational.org/search#memberdirectory

conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

27.   Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop.  Defendant called Plaintiff numerous times after he demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's cellular phone in spite of Plaintiff's demands was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

28.   Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

29.   Furthermore, Defendant violated 15 U.S.C. §1692d and d(2) when it used harassing debt collection methods to collect upon the subject debt. The harassing nature of Defendant's collection campaign is highlighted by its unprofessional conduct of berating and belittling Plaintiff during its collection campaign. Any reasonable factfinder will conclude that Defendant's actions were harassing and abusive as Defendant ridiculed and needlessly harassed Plaintiff when he tried to explain that he has no means of satisfying the subject debt.

### b.   Violations of FDCPA § 1692e

30.   The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31.   In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

32. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop calling him, Defendant place numerous calls to Plaintiff's cellular phone without his consent. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to call him when it no longer had consent to do so.

33. Defendant further violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant implicitly represented that it could harass and oppress Plaintiff when it mocked and berated him. This type of behavior is explicitly prohibited by the FDCPA. Defendant's actions only served to worry and confuse Plaintiff.

### c.  Violations of FDCPA § 1692f

34.  The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35.  Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff numerous times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

36.  As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, MARK A. DAY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

37. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

39. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

40. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

   **a. Violations of TDCA § 392.302**

41. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(1), prohibits a debt collector from, using profane or obscene language or language intended to abuse unreasonably the hearer or reader." § 392.302(4), further states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

42. Defendant violated the TDCA when it used harassing debt collection methods to collect upon the subject debt. The harassing nature of Defendant's collection campaign is highlighted by

its unprofessional conduct of berating and belittling Plaintiff during its collection campaign. Defendant intended used such abusive and harassing language in order to coerce Plaintiff into making a payment on the subject debt.

43.   Defendant further violated the TDCA when it continued to call Plaintiff's cellular phone numerous after he notified it to stop calling.  The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by his wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

### b.  Violations of TDCA § 392.304

44.   The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

45.   Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting his cellular absent his consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling his cellular phone, illustrating the deceptive nature of Defendant's conduct.

46.   Additionally, Defendant violated the TDCA when it misleadingly represented that it could harass and oppress Plaintiff when it mocked and berated him for not being able to satisfy the subject debt.

WHEREFORE, Plaintiff, MARK A. DAY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a.  Declaring that the practices complained of herein are unlawful and violate the
       aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: March 11, 2021                    Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com